IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BUTAMAX™ ADVANCED BIOFUELS LLC and DU PONT, DE NEMOURS AND COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>GEVO, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 12-602-SLR<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM**

At Wilmington this 1̸2th day of March, 2013, having considered defendant Gevo, Inc.'s ("Gevo") motion for leave to file an early motion for summary judgment of noninfringement (D.I. 67), plaintiff Butamax™ Advanced Biofuels LLC's ("Butamax") motion for leave to file a surreply (D.I. 89), and the papers submitted therewith; the court issues its decision based on the following reasoning:

1. Butamax and Du Pont de Nemours and Company filed this action against Gevo on May 15, 2012 for infringement of U.S. Patent No. 8,178,328 ("the '328 patent").[1] (D.I. 1) Gevo and Butamax are competitors in the development of isobutanol technology and are engaged in multiple ongoing litigations.

2. Early summary judgment motions are disfavored by this court, unless the motion would reduce the scope of trial. In the present case, Gevo's motion is premised on the court's claim construction of "AAIR" in Civ. No. 11-54. Gevo argues that the

---

[1]The '328 patent at issue in this case is a direct continuation of U.S. Patent No. 7,993,889 ("the '889 patent"), which is itself a divisional of U.S.Patent No. 7,851,188 ("the '188 patent"). The '889 and '188 patents were at issue in Civ. No. 11-54.

claim construction applies to the term as used in the '328 patent in the case at bar and Butamax should be barred from re-litigating whether Gevo's accused strains infringe the '328 patent. Not surprisingly, Butamax disagrees.

3. On February 18, 2014, the Court of Appeals for the Federal Circuit issued an opinion in Civ. No. 11-54, providing a construction for the "AAIR" term and remanding the case to this court for reconsideration under the provided construction. The parties have expressed disagreement regarding the impact of the Court's new claim construction. Moreover, the identification of Gevo's accused strains has been the subject of disagreement between the parties (including in these motion papers) in several of the litigations. Resolution of whether a specific strain infringes will not significantly impact the parties' discovery practice, which is ongoing in this matter and others.

4. For the foregoing reasons, the court will not use its resources to review a motion for early summary judgment on an issue that will not significantly reduce the scope of a trial, i.e., an issue that is not claim or patent dispositive. Gevo's motion for leave to file an early motion for summary judgment of noninfringement (D.I. 67) is denied and Butamax's motion for leave to file a surreply (D.I. 89) is denied as moot. An order shall issue.

United States District Judge